# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * | * | |
| SUSIE AVCHEN, | * | No. 14-279V |
| | * | Special Master Christian J. Moran |
| Petitioner, | * | |
| | * | |
| v. | * | Filed: January 22, 2015 |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | Damages; decision based on proffer; |
| | * | influenza ("flu") vaccine; shoulder |
| Respondent. | * | injury related to vaccine |
| | * | administration ("SIRVA"). |
| * * * * * * * * * * * * * * * * * * | * | |

Ronald Craig Homer, Conway Homer et al., Boston, MA, for petitioner;
Alexis S. Babcock, U.S. Dep't of Justice, Washington, DC, for respondent.

## UNPUBLISHED DECISION AWARDING DAMAGES[1]

On April 10, 2014, Susie Avchen filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §300 a-10 through 34 (2006), alleging that she suffered a shoulder injury related to her receipt of an influenza ("flu") vaccination administered on October 6, 2011. The undersigned ruled that Ms. Avchen is entitled to compensation under the Vaccine Act. Ruling, issued on July 17, 2014.

On January 20, 2015, respondent filed a Proffer on Award of Compensation, to which petitioner agrees. Based upon the record as a whole, the special master finds the proffer reasonable and that petitioner is entitled to an award as stated in the Proffer. Pursuant to the attached Proffer the court awards petitioner:

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

**A lump sum payment of $85,000.00 which represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a), in the form of a check payable to petitioner, Susie Avchen.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.

Any questions may be directed to my law clerk, Mary Holmes, at (202) 357-6353.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

_____
                                            )
SUSIE AVCHEN,                               )
                                            )
            Petitioner,           )
                                            )        **No. 14-279**
v.                                          )        **Special Master Moran**
                                            )
SECRETARY OF HEALTH AND                     )
HUMAN SERVICES,                             )
                                            )
            Respondent.           )
_____)

## RESPONDENT'S PROFFER OF DAMAGES

**I.**    **Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded $85,000.00, which represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).[1] Petitioner agrees with this amount.

**II.**    **Form of the Award**

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment of $85,000.00 in the form of a check payable to petitioner.

                                                                 Respectfully submitted,

                                                                 JOYCE R. BRANDA
                                                                  Acting Assistant Attorney General

                                                                RUPA BHATTACHARYYA
                                                                Director
                                                                Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

MICHAEL P. MILMOE
Senior Trial Counsel
Torts Branch, Civil Division

/s/ Alexis B. Babcock

ALEXIS B. BABCOCK
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel.: (202) 616-7678

Dated: January 20, 2015